

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-18-11

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 18 2011

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. MORRIS,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES D. HARTLEY, Warden,<br><br>    Respondent. | Case No. EDCV 11-1063-PA (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. The Petitioner filed "Objections with Points and Authorities" to the Report and Recommendation, and the Court has made a _de novo_ determination of those portions of the Report and Recommendation to which objections have been made.

The majority of Petitioner's objections do not address the Magistrate Judge's recommendation that the Petition be dismissed on the ground that it is time barred. Instead, the objections address the merits of Petitioner's claim disputing the propriety of the prison disciplinary hearing during which he was assessed a 90-day penalty; thus, they are largely irrelevant. Petitioner's

1

only argument concerning equitable tolling is that he may have failed to follow proper procedure "due to his ignorance of the law" and lack of legal representation. (See Objections at 4.) Ignorance of the law and lack of legal representation do not provide a basis for tolling the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Ekenberg v. Lewis, No. C 98-1450 FMS (PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances.").

The Court therefore concurs with and accepts the Magistrate Judge's recommendations that Respondent's Motion to Dismiss be granted and Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS SO ORDERED.

DATED: November 17, 2011

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE